IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHARI EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | **JURY TRIAL DEMAND** |
| CLYDE L. CHOATE MENTAL HEALTH | ) | |
| AND DEVELOPMENTAL CENTER a/k/a | ) | |
| CHOATE MENTAL HEALTH CENTER, | ) | |
| SARAH ANDREW, JAMES BRADLEY | ) | |
| DUCKWORTh a/k/a BRADLEY | ) | |
| DUCKWORTH, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, SHARI EDWARDS, by her undersigned counsel, Johnson and

Anderson, and for her Complaint against Defendants CLYDE L. CHOATE MENTAL HEALTH

AND DEVELOPMENTAL CENTER a/k/a CHOATE MENTAL HEALTH CENTER,

(Defendant CMHC), SARAH ANDREW (Defendant ANDREW) and JAMES BRADLEY

DUCKWORTH a/k/a BRADLEY DUCKWORTH (Defendant DUCKWORTH), demands a jury

trial and respectfully sets forth and alleges, upon information and belief the following:

NATURE OF ACTION

This action seeks appropriate relief for Plaintiff, a former patient of Defendant CMHC,

who was sexually and emotionally abused by one of Defendant CMHC's male technicians,

Defendant DUCKWORTH.  Specifically this action seeks appropriate relief for:

(1)  Defendants ANDREW's and CMHC's  failure and/or refusal to take appropriate

action to terminate and correct the sexually hostile, neglectful, and abusive mental health

environment at the Anna, Illinois mental health facility, despite knowledge that Defendant

DUCKWORTH had similar previous complaints and reports against him.  Defendants

ANDREW and CMHC's actions are in violation of the Fourteenth Amendment to the

Constitution of the United States, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the State

law of Illinois found at 405 ILCS 5/1-100 et. seq. and 405 ILCS 5/2-100 et. seq.

(2)  Defendant DUCKWORTH's violations of the Civil Rights Act of 1871, 42 U.S.C.

§1983 for deprivation of bodily integrity, and Illinois common law for intentional infliction of

emotional distress and assault and battery.

JURISDICITION AND VENUE

1.      Plaintiff brings this action against Defendant CMHC to remedy violations of the

Fourteenth Amendment to the U.S. Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983,

and Illinois Law 405 ILCS 5/1-100 et seq. and 405 ILCS 5/2-100 et seq.

2.      Plaintiff brings this action against Defendant ANDREW, individually, to remedy

violations of the Civil Rights Act of 1871, 42 U.S.C. §1983, for deprivation of bodily integrity.

3.      Plaintiff brings this action against Defendant DUCKWORTH, individually, to

remedy violations of the Civil Rights Act of 1871, 42 U.S.C. §1983, for deprivation of bodily

integrity and Illinois common law for intentional infliction of emotional distress and assault and

battery.

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §

1343.

5.      This Court has pendent/supplemental jurisdiction over the Illinois state law claims

pursuant to 28 § 1367.  See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

6.      Defendant ANDREW's and CMHC's violation of the Fourteenth Amendment, §

1983,  405 ILCS 5/1-100 et seq. and 405 ILCS 5/2-100 et seq. sexually hostile and abusive

mental health environment at the Anna, Illinois facilities, and, Defendant DUCKWORTH's

violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, intentional infliction of emotional

distress and assault and battery all were committed within the jurisdiction of the United States

District Court for the Southern District of Illinois.

PARTIES

7.        During all relevant times, Plaintiff was a patient at Defendant CMHC, Anna,

Union County, Illinois facilities.

8.        During all relevant times, Defendant CMHC was a public, State run mental health

hospital facility as defined by Section 405 ILCS 5/1-114.1 of the Illinois Mental Health and

Developmental Disabilities Code (Illinois Mental Health Code) located at 1000 N. Main Street,

Ana, Union County, Illinois.  It is operated by the Illinois Department of Mental Health and

Development Disabilities for the treatment of mentally ill and developmentally disabled persons.

9.        Upon information and belief SARAH ANDREW is a resident of the State of

Illinois.  This action is brought against SARAH ANDREW in her personal capacity and official

capacity as an employee of the State of Illinois.

10.       In all times relevant hereto SARAH ANDREW was the Hospital Administrator at

CMHC in charge of all facets of its administration, including the security of its patients.

11.       During all relevant times, Defendant DUCKWORTH resided in Union County,

Illinois and was employed by Defendant CMHC as a mental health technician.

12.       Upon information and belief Defendant DUCKWORTH is now a resident of the

State of Louisiana.  This action is brought against DUCKWORTH in his personal capacity and

official capacity as an employee of the State of Illinois.

GENERAL ALLEGATIONS

13.     As a child, age 4-7, Plaintiff suffered sexual abuse from her father.

14.     As an adult, Plaintiff suffers from bipolar disorder and, at times, severe depression and anxiety.

15.     Defendant receives Social Security disability for her mental disorders.

16.     On May 22, 2005, Plaintiff was a voluntary admitee/patient at Defendant CMHC located in the Anna, Union County, Illinois facilities.

17.     On May 22, 2005, Plaintiff was subjected to unwanted sexual abuse by Defendant CMCH's employee Defendant DUCKWORTH.

18.     Defendants CMHC and ANDREW had actual prior knowledge and notice of Defendant DUCKWORTH's conduct and sexual misbehavior with patients.  However, various CMHC officials, included but not limited to Defendant ANDREW, who had authority to institute corrective measures to end Defendant DUCKWORTH's unlawful conduct, did not take any steps to end his behavior.

19.     Despite a personnel file which indicated Defendant DUCKWORTH might be dangerous to the female patients, Defendants CMHC and ANDREW employed Defendant DUCKWORTH in its women's facilities and placed no supervision or restrictions on Defendant DUCKWORTH's conduct as a mental health technician when dealing with the women patients.

20.     Based upon Defendants CMHC's and ANDREW's deliberate indifference to and conscious disregard for Plaintiff's protected rights by its failure to act to prevent Defendant DUCKWORTH's association with its women patients, Defendants CMHC and ANDREW subjected Plaintiff to sexual abuse, neglect and intentional infliction to emotional distress.

21.     Further, Plaintiff was the victim of intentional infliction of emotional distress and assault and battery as a direct result of Defendant DUCKWORTH's unlawful conduct.

### COUNT I

**(Violation of the Fourteenth Amendment to the U.S. Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Illinois Law 405 ILCS 5/1-100 <u>et seq.</u> and 405 ILCS 5/2-100 <u>et seq.</u> – Defendants CMHC and ANDREW)**

22.     Paragraphs 1 through 21 of this Complaint are incorporated by reference as if fully set forth herein.

23.     During all relevant times, Defendant CMHC employed Defendant DUCKWORTH as a Mental Health Technician III at the Anna, Illinois facility.  He was, therefore, a State actor.

24.     During all relevant times, Defendant DUCKWORTH, despite Defendants CMHC's and ANDREW's knowledge of his prior conduct and sexual misbehavior with patients, had unrestricted and unsupervised access to Plaintiff.

25.     During all relevant times, and despite CMHC's and ANDREW's knowledge that Defendant DUCKWORTH might be dangerous to female patients, CMHC, in utter disregard for the health, well-being and safety of its women patients, employed Defendant DUCKWORTH in its female patients' facilities.

26.  During all relevant times Defendants CMHC and ANDREW had actual knowledge and notice of Defendant DUCKWORTH's conduct and sexual misbehavior with patients, and yet, CMHC officials who had authority to institute corrective measures to end Defendant DUCKWORTH's unlawful conduct, did not take any steps to protect its patients until Defendant DUCKWORTH sexually assaulted Plaintiff on May 22, 2005.

27.     As a direct and proximate result of CMHC's and ANDREW's deliberate indifference to and conscious disregard for Plaintiff's protected rights by their failure to act to prevent DUCKWORTH's association with its women patients, and particularly Plaintiff, and through the following conscious acts and omissions including but not limited to the following:

       a.      Failure to place the Plaintiff in a secure area free from physical mistreatment from others;

       b.      Failure to use a surveillance or security system at CMHC which would  prevent physical mistreatment and abuse of Plaintiff; and,

       c.      Failure to prevent DUCKWORTH's association with its women patients, particularly the Plaintiff.

Defendants CMHC and ANDREW subjected Plaintiff to unlawful sexual misconduct, abuse and neglect.

28.     Plaintiff was confined as a patient at CMHC, and as such a patient, Plaintiff has a constitutionally protected right under the due process clause of the Fourteenth Amendment to reasonably safe conditions of confinement.  Those rights were violated by Defendants CMHC and ANDREW.

29.     As a direct result of Defendant CMHC's and ANDREW's actions, Plaintiff was harassed and deprived of her constitutional right to bodily integrity under the Due Process Clause of the Fourteenth Amendment in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983. The aforementioned acts and omissions of ANDREW were accomplished while acting under the color of state law arising from her employment as the Hospital Administrator at CMHC.

30.     As a direct result of Defendant CMCH's and ANDREW's actions, Plaintiff was abused and neglected in violation of 405 ILCS 5/1-100 et. seq. and 405 ILCS 5/2-100 et seq..

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants CMCH and ANDREW as follows:

(A)     That a finding be entered that Defendants CMCH's and ANDREW's actions resulted in the deprivation of Plaintiff's constitutional right to bodily integrity under the Due Process Clause of the Fourteenth Amendment in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*.;

(B)     That a finding be entered that Defendants CMCH and ANDREW abused and neglected Plaintiff in violation of 405 ILCS 5/1-100 et. seq. and 405 ILCS 5/2-100 et seq.

(C)     That Plaintiff be awarded compensatory damages permitted by law;

(D)     That Plaintiff be awarded punitive damages from Defendant DUCKWORTH; and,

(E)     That Plaintiff be awarded such other relief as this Court may deem just and proper, including attorneys fees and costs.

**JURY TRIAL DEMANDED.**

## COUNT II

**(Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 – Defendant Duckworth)**

31.     Paragraphs 1 through 21 of this Complaint are incorporated by reference as if fully set forth herein.

32.     During all relevant times, Defendant DUCKWORTH was employed by Defendant CMHC as a Mental Health Technician III and was acting under color of State law.

33.     During all relevant times, Defendant DUCKWORTH used his position as a mental health technician to sexually abuse and harass Plaintiff on the basis of her female sex.

34.      As  a direct result of Defendant DUCKWORTH's sexual assault, Plaintiff was

harassed and deprived of her constitutional right to bodily integrity under the Due Process Clause

of the Fourteenth Amendment in violation of the Civil Rights act of 1871, 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in favor of the

Plaintiff and against Defendant DUCKWORTH as follows:

(A)      That a finding be entered that Defendant DUCKWORTH's actions resulted in the

deprivation of Plaintiff's constitutional right to bodily integrity under the Due Process Clause of

the Fourteenth Amendment in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et*

*seq*.;

(B)       That Plaintiff be awarded compensatory damages permitted by law;

(C)      That Plaintiff be awarded punitive damages from Defendant DUCKWORTH;

and,

(D)      That Plaintiff be awarded such other relief as this Court may deem just and

proper, including attorneys fees and costs.

**JURY TRIAL DEMANDED.**

## COUNT III

### (Intentional Infliction of Emotional Distress-Defendant Duckworth)

35.      Paragraphs 1 through 21 of this Complaint are incorporated by reference as if

fully set forth herein.

36.      Defendant DUCKWORTH intentionally inflicted emotional distress upon

Plaintiff by engaging in intentional sexual harassment, and creating an intimidating and hostile

health environment for Plaintiff. Defendant DUCKWORTH intentionally inflicted emotional

distress upon Plaintiff.

37.     Defendant DUCKWORTH knew, or should have known, that the aforementioned unlawful conduct would cause Plaintiff emotional distress.

38.     Defendant DUCKWORTH intended to cause Plaintiff severe emotional distress and/or acted in reckless disregard that these actions would cause Plaintiff such injury.

39.     As a direct and proximate result of Defendant DUCKWORTH's unlawful conduct toward Plaintiff, Plaintiff was demeaned, degraded, humiliated and embarrassed, and suffered severe mental anguish and emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant DUCKWORTH as follows:

(A)     That a finding be entered that Defendant DUCKWORTH intentionally inflicted emotional distress upon Plaintiff;

(B)     That Plaintiff be awarded compensatory damages permitted by law;

(C)     That Plaintiff be awarded punitive damages from Defendant DUCKWORTH; and,

(D)     That Plaintiff be awarded such other relief as this Court may deem just and proper, including attorneys fees, costs and expenses.

**JURY TRIAL DEMANDED.**

## COUNT IV

### (Assault/Battery-Defendant Duckworth)

40.     Paragraphs 1 through 21 of this Complaint are incorporated by reference as if fully set forth herein.

41.     During all relevant times, Defendant DUCKWORTH intended to cause an imminent apprehension of harmful and offensive contact to Plaintiff and intended to cause harmful and offensive contact to Plaintiff.

42.     During all relevant times, Defendant DUCKWORTH caused an imminent apprehension of harmful and offensive contact to Plaintiff and, in fact, caused harmful and offensive contact to Plaintiff.

43.     During all relevant times, Defendant inappropriately and without authorization offensively touched, grabbed, and exposed himself to Plaintiff causing her fear, insult, annoyance, and harm.

44.     As a result of the Defendant DUCKWORTH's creation of imminent apprehension of harmful and offensive contact and resulting harmful and offensive contact to Plaintiff, she endured humiliation, pain and suffering, fear, insult, annoyance, physical and mental distress.

45.     Defendant DUCKWORTH's unlawful intentional harmful and offensive conduct was the proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant DUCKWORTH as follows:

(A)     That a finding be entered that Defendant DUCKWORTH unlawfully committed assault and battery upon Plaintiff;

(B)     That Plaintiff be awarded compensatory damages permitted by law;

(C)     That Plaintiff be awarded punitive damages from Defendant DUCKWORTH; and,

(D)     That Plaintiff be awarded such other relief as this Court may deem just and proper, including attorneys fees, costs and expenses.

**JURY TRIAL DEMANDED.**

**Dated:  March 5, 2009**

By:       /s/ Billie L. Johnson
          Billie L. Johnson, #06231497
          201 Hillsboro Avenue
          Edwardsville, IL  62025
          Tele:   (618) 659-1400
          Fax:    (618) 659-1700
          bjohnson@j-a-law.com
          *Attorney for Plaintiff*