## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHARI EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-186-GPM |
| | ) | |
| SARAH ANDREWS, JAMES BRADLEY DUCKWORTH, JOHN/JANE DOE IN CHARGE OF HIRING, and JOHN/JANE DOE IN CHARGE OF SUPERVISING PERSONNEL, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on September 21, 2009, for hearing on the motion to dismiss the amended complaint filed by Defendants Sarah Andrews; John/Jane Doe in Charge of Hiring, in his/her official capacity only; John/Jane Doe in Charge of Supervising Personnel, in his/her official capacity only; and James Bradley Duckworth, in his official capacity only.[1]  For the reasons set forth on the record during the hearing, Plaintiff's official capacity federal claims are barred by the Eleventh Amendment and her official capacity state claims are barred by sovereign immunity.  Accordingly, all official capacity claims are dismissed with prejudice.

With the exception of the assault and aiding and abetting claims, Plaintiff's individual capacity claims, brought both under federal and state law, will not be dismissed at this time.

---

[1] The Illinois Attorney General's Office represents Defendant Duckworth and both John/Jane Doe defendants in their official capacities only.

Specifically, Plaintiff has sufficiently alleged personal involvement to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) of the constitutional claims brought pursuant to 42 U.S.C. § 1983 against all Defendants in their individual capacities. The Court is able to construe a civil battery claim against Defendant Duckworth only, in his individual capacity. The assault claims are dismissed, as Plaintiff's allegations state a claim for battery. The aiding and abetting claims also are dismissed as being impossible as pleaded. At this time, Plaintiff's claims for abuse and neglect under the Mental Health and Developmental Disabilities Code, 405 ILCS 5/2-100, against Defendant Andrew and the John/Jane Doe defendants, all in their individual capacities, shall proceed. Similarly, Plaintiff's claim for intentional infliction of emotional distress against Defendant Duckworth, in his individual capacity, shall proceed. Nothing in this Memorandum and Order shall be construed to resolve the statute of limitations affirmative defenses asserted in Defendants' answer to the initial complaint (*see* Doc. 12 at p. 5).

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff Shari Edwards at the address provided during the hearing.

**IT IS SO ORDERED.**

DATED: 09/22/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge